UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN LEE FLETCHER, No. 08958-030, <br><br> Petitioner, <br><br> v. <br><br> WARDEN DANIEL SPROUL, <br><br> Respondent. | Case No. 25-cv-560-JPG |

**MEMORANDUM AND**
**ORDER FOR SERVICE OF PROCESS**

This matter comes before the Court on petitioner Justin Lee Fletcher's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner is incarcerated at the Federal Correctional Institute at Marion, Illinois ("FCI-Marion"), where respondent Daniel Sproul is the warden. The petitioner is challenging the computation of his sentence, including whether the Bureau of Prisons ("BOP") has properly calculated time credits under the First Step Act of 2018.

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other habeas corpus cases.

On February 4, 2021, Fletcher was sentenced in the United States District Court for the Southern District of Iowa to serve 120 months on each of four counts of soliciting a crime of violence (assault on a District Judge, Assistant United States Attorney, United States Probation Officer, and a former Assistant United States Attorney, respectively) in violation of 18 U.S.C.

§ 373. *United States v. Fletcher*, No. 1:19-CR-00058 (S.D. Iowa). The sentences were to run concurrently with each other and with a 21-month sentence for failure to register as a sex offender in violation of 18 U.S.C. § 2250(a) imposed in *United States v. Fletcher*, No. 4:19-CR-00051, and a 21-month revocation sentence imposed in *United States v. Fletcher*, No. 4:09-CR-91, a conviction for possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The sentences in all three cases were imposed on the same day. Fletcher is currently incarcerated at FCI-Marion with a projected release date of December 30, 2027. *See* BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (visited June 26, 2025).

      Fletcher claims that the BOP has incorrectly calculated his release date because it refuses to award him First Step Act credits of 15 days per month. Fletcher seeks credits from the First Step Act's new source for potential time credits an inmate may earn toward earlier release from his sentence of incarceration. That new source of sentence credits was created by § 101(a) of the First Step Act, Pub. L. 115-391, 132 Stat. 5194, 5196 (2018) (codified at 18 U.S.C. § 3632). It provides, in pertinent part, that a prisoner who successfully completes evidence-based recidivism reduction programming or productive activities shall earn 10 days of time credits for every 30 days of participation and possibly another 5 days if they have been a minimum or low risk for recidivating for two consecutive recidivism assessments. 18 U.S.C. § 3632(d)(4)(A). The statute excludes from eligibility for such sentence credits a prisoner who is serving a sentence for certain convictions listed in the statute. 18 U.S.C. § 3632(d)(4)(D).

      Fletcher claims the BOP found him ineligible for such credits base on one of his 21-month sentences. But Fletcher claims that he has already completed that sentence since it ran concurrently with the sentence for his solicitation offenses in No. 1:19-CR-00058, and that, as a consequence, the 21-month sentence cannot disqualify him from First Step Act credits. He believes that he is currently only serving his sentences for solicitation of a crime of violence in No. 1:19-CR-00058,

2

which do not disqualify him from First Step Act credits under 18 U.S.C. § 3632(d)(4)(D).

A petitioner may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).  This includes claims for improper sentence computation under 18 U.S.C. §§ 3584 and 3585.  *See Pope v. Perdue*, 889 F.3d 410 (7th Cir. 2018).  Thus, the petitioner's claims are properly raised in this § 2241 petition.  Accordingly, it is not plainly apparent that the petitioner is not entitled to habeas relief.  Without commenting on the merits of the petitioner's claims, the Court concludes that the § 2241 petition survives preliminary review pursuant to Rule 4, and the Court will order a response.

**IT IS THEREFORE ORDERED** that the respondent shall answer or otherwise plead on or before **August 1, 2025**.  This preliminary order to respond does not preclude the respondent from raising any objection or defense the respondent may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

The petitioner is **ADVISED** of his continuing obligation to keep the Clerk and opposing parties informed of any change in the petitioner's whereabouts during the pendency of this action.  This notification must be in writing no later than 14 days after a transfer or other change in address.  Failure to provide notice may result in dismissal of this action.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**
**DATED:  June 27, 2025**

               s/ J. Phil Gilbert
               **J. PHIL GILBERT**
               **DISTRICT JUDGE**