UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUSTIN LEE FLETCHER, No. 08958-030,

    Petitioner,

  v.

ACTING WARDEN OF FCI-MARION,

    Respondent.

Case No. 25-cv-560-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Justin Lee Fletcher's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).  The respondent Acting Warden of FCI-Marion has responded to the petition (Doc. 17).  The Court also considers Fletcher's motion to amend his petition (Doc. 16),[1] Fletcher's recent letter (Doc. 20), and the respondent's supplemental response (Doc. 21).  The petitioner challenges the computation of his sentence, including whether the Bureau of Prisons ("BOP") has properly calculated time credits under the First Step Act of 2018 ("FSA").

**I.    Background**

On February 4, 2021, Fletcher was sentenced in the United States District Court for the Southern District of Iowa to serve 120 months on each of four counts of soliciting a crime of violence (assault on a District Judge, Assistant United States Attorney, United States Probation Officer, and a former Assistant United States Attorney, respectively) in violation of 18 U.S.C. § 373.  *United States v. Fletcher*, No. 1:19-CR-00058 (S.D. Iowa).  The sentences were to run concurrently with each other and with a 21-month sentence for failure to register as a sex

---

[1] The Court will grant this motion (Doc. 16) and has considered the arguments in the motion in deciding this case.

offender in violation of 18 U.S.C. § 2250(a) imposed in *United States v. Fletcher*, No. 4:19-CR-00051, and a 21-month revocation sentence imposed in *United States v. Fletcher*, No. 4:09-CR-91, a conviction for possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The sentences in all three cases were imposed on the same day, and the BOP aggregated them into one 120-month sentence pursuant to 18 U.S.C. § 3584(c). Fletcher is currently incarcerated at FCI-Marion with a projected release date of February 9, 2028. *See* BOP, Find an Inmate, https://www.bop.gov/ inmateloc/ (visited Sept. 19, 2025).

Fletcher claims that the BOP has incorrectly calculated his release date because it refuses to award him sentence credits under § 101(a) of the FSA, Pub. L. 115-391, 132 Stat. 5194, 5196 (2018) (codified at 18 U.S.C. § 3632).

**II.   Analysis**

As the Court noted in its preliminary review of Fletcher's petition, the FSA created a new source for potential time credits an inmate may earn toward earlier release from his sentence of incarceration. Congress tasked the Attorney General with developing the FSA time credit program and the BOP with administering it. 18 U.S.C. §§ 3621(h) & 3631. That new source of sentence credits, § 101(a) of the FSA, Pub. L. 115-391, 132 Stat. 5194, 5196 (2018) (codified at 18 U.S.C. § 3632), provides, in pertinent part, that a prisoner who successfully completes evidence-based recidivism reduction programming or productive activities will earn 10 days of time credits for every 30 days of participation and may earn another 5 days if they have been a minimum or low risk for recidivating for two consecutive recidivism assessments. 18 U.S.C. § 3632(d)(4)(A). However, an inmate who "is serving a sentence for a conviction" of failure to register as a sex offender is not eligible for these FSA time credits. 18 U.S.C. § 3632(d)(4)(D)(xxxviii).

Fletcher complains that the BOP found him ineligible for FSA time credits based on his 21-month sentence for failure to register as a sex offender even though he has already served more than 21 months in prison. He believes that he is no longer "serving a sentence for" a disqualifying conviction and is only serving his 120-month sentences for solicitation of a crime of violence.

The respondent confirms that Fletcher is not earning FSA time credits because the BOP considers him ineligible in light of his conviction for failure to register, an offense included in his aggregate sentence. The respondent further argues that Fletcher seeks relief not available in a § 2241 proceeding—declaratory or injunctive relief that the BOP is incorrectly applying 18 U.S.C. § 3584(c) regarding applying FSA credits—and that his claim is more properly brought in a lawsuit under the Administrative Procedures Act, 5 U.S.C. § 706.[2]

The FSA does not expressly address Fletcher's situation. However, the Sentencing Reform Act of 1984 provides that multiple federal sentences, whether consecutive or concurrent, are "treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). The question is whether an inmate serving an aggregate sentence comprising an offense covered by the FSA and an offense excluded from the FSA is eligible for FSA time credits for the part of the sentence that is not attributable to the disqualifying offense. He is not eligible.

In another context, the Seventh Circuit Court of Appeals confirmed that an aggregate sentence is an integrated package made up of interdependent parts that cannot be viewed in a

---

[2] Originally, the respondent argued that, even if Fletcher could earn FSA credits, his recidivism assessment was not minimum or low. Therefore, the BOP could not apply them to his sentence, and the Court could offer no relief. Fletcher has presented evidence that his August 2025 recidivism assessment was low, and the respondent concedes the argument no longer applies in light of this changed factual circumstance.

vacuum. *United States v. Hudson*, 967 F. 3d 605, 611 (7th Cir. 2020). The *Hudson* court held that, if part of an aggregate sentence is subject to a sentence reduction statute, specifically, § 404(a) of the FSA, Pub. L. No. 115-391, 132 Stat. 5194, the whole sentence can be reduced. *Id.* If one covered offense makes an entire aggregate sentence eligible for reduction under the FSA, it follows that one offense *explicitly excluded* from receiving FSA time credits makes the entire aggregate sentence ineligible. This Court concluded as much in *Whitfield v. Sproul*, No. 3:23-cv-2687-JPG, 2024 WL 4434086 (S.D. Ill. Oct. 7, 2024).

The Court's conclusion is consistent with more recent cases from other circuits. For example, in *Giovinco v. Pullen*, 118 F.4th 527 (2d Cir. 2024), *cert. denied sub nom. Giovinco v. Flowers*, 145 S. Ct. 1947 (2025), the Second Circuit Court of Appeals addressed the exact question before this Court and concluded that, "pursuant to the aggregation provision, a prisoner 'is serving a sentence for' *any offense* that is part of his aggregated term of imprisonment." *Id.* at 529 (emphasis added). The *Giovinco* Court found that Congress understood when it enacted the FSA in 2018 that the BOP was required to aggregate federal sentences under 18 U.S.C. § 3584(c) and that the BOP was administering sentence credit programs to those aggregated sentences as opposed to individual convictions within the aggregate sentences. *Id.* at 531. It further found that the BOP was authorized to do this as one of the "administrative purposes" referenced in the aggregation statute. *Id.* at 532. That Congress could have changed the existing landscape in 2018, but did not, shows it intended to continue considering sentences in the aggregate when applying sentence credits. *Id.* Therefore, the *Giovinco* court concluded, "the phrase 'is serving a sentence for' [in 18 U.S.C. § 3632(d)(4)(D)] is best understood as referring

4

to the prisoner's aggregate term of imprisonment." *Id.* at 531-32.[3]

Other courts of appeals have reached the same result in unpublished decisions. *See, e.g., Colotti v. Peters*, No. 25-1191, 2025 WL 1321386, at *2 (3d Cir. May 7, 2025); *Tyler v. Garrett*, No. 24-1147, 2024 WL 5205501, at *1 (8th Cir. Dec. 24, 2024); *Giovinco*, 118 F.4th at 533, n.4 (collecting earlier cases).

This Court finds that, consistent with *Hudson* and *Giovinco*, Fletcher is not eligible to earn FSA credits because his aggregate sentence comprises a disqualifying sentence for failure to register as a sex offender. In light of this conclusion, the Court need not address the respondent's other arguments.

## III. Conclusion

For the foregoing reasons, the Court **GRANTS** Fletcher's motion for leave to amend his petition (Doc. 16), **DENIES** Fletcher's § 2241 petition and its amendments (Docs. 1, 16 & 20), and **DIRECTS** the Clerk of Court to enter judgment accordingly.

If the petitioner wishes to appeal this decision, generally he must file a notice of appeal with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from judgment, do not toll the deadline for an appeal.

If the petitioner files a motion for leave to appeal *in forma pauperis*, he must include in

---

[3] Notably, the *Giovinco* court came to this conclusion independently and without deferring to the BOP as formerly called for by *Chevron, U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984), before *Chevron* was overruled by *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). *Giovinco*, 118 F.4th at 533.

his motion a description of the issues he intends to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If he appeals and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $605.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).  It is not necessary for the petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
**DATED:  September 19, 2025**

                                                     s/ J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **DISTRICT JUDGE**